**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AFFORDABLE HOME SECURITY OHIO, LLC and NATIONWIDE ALARMS<br><br>Defendants. | Civil Action No. 2:26-cv-00787-WSS |

**DEFENDANT AFFORDABLE HOME SECURITY OHIO, LLC'S BRIEF IN SUPPORT OF MOTION TO SET ASIDE DEFAULT AND FILE ANSWER**

Defendant Affordable Home Security Ohio ("Affordable"), pursuant to Fed. R. Civ. P. 55(c), hereby files this Brief in Support of its Motion to Set Aside Default and File Answer on the grounds that good cause exists to set aside the entry of default.

## I. INTRODUCTION

Affordable is an authorized ADT Authorized Dealer that provides customized home security solutions. They are a relatively small company, with approximately fifty employees, and have never been involved in a lawsuit, let alone a Class Action. Plaintiff, colloquially referred to as the "Gravy Train[1]" due to his propensity for filing Telephone Consumer Protection Act ("TCPA") claims, is no stranger to litigation, especially in this Court. As early as March 5, 2026,

[1] Stewart Abramson: The Serial TCPA Litigator Known as the "Gravy Train," do-not-hire.com (May 23, 2026), https://do-not-hire.com/blog/stewart-abramson-the-serial-tcpa-litigator-known-as-the-gravy-train/; *see also* Plaintiff's personal TCPA website, Stewart Abramson welcome to my web site, Stewart Abramson, (last accessed Sept. 11, 2026), https://www.stewartabramson.com/.

Plaintiff began contacting Affordable via letter and through his email address, legal247@verizon.net, to gather information for purposes of manufacturing a lawsuit against Affordable. Ultimately, a lawsuit was filed on May 5, 2026, and while Affordable attempted to seek indemnification from the marketing firm it had contracted with, Nationwide Alarms, and coverage through its insurance company, Plaintiff obtained a Clerk's entry of default against Affordable on July 14, 2026 before Affordable could obtain counsel to defend itself.

Affordable now respectfully requests that this Court set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c), which provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). As addressed below, all the elements necessary to establish good cause exist as Plaintiff would suffer no prejudice, Affordable has meritorious defenses, and Affordable's failure to file a response to Plaintiff's Complaint is excusable considering their attempts to seek indemnification/coverage coupled with Affordable's inexperience with litigation.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On July 3, 2025, Affordable entered into a ADT Authorized Dealer - Sub-Dealer Agreement (the "Agreement") with Yamado Services, LLC, d/b/a Nationwide Alarms ("Nationwide") authorizing Nationwide to market, promote, and solicit customers for security systems and monitoring services provided through authorized dealer programs associated with ADT. *See* Agreement, a true and accurate copy of which is attached as **Exhibit A**. Pursuant to the Agreement, Nationwide was acting strictly as an independent contractor and was required to comply with all applicable laws, including Telemarking regulations (federal and state). *Id.* at § 1.

Plaintiff's Complaint alleges that Nationwide contacted Plaintiff at least eight times between February 11, 2026 and April 13, 2026. *See* Pl.'s Compl ¶¶ 23-24, Dkt. No. 1. Plaintiff

claims that the calls were "clearly artificial or prerecorded" but that he also spoke to two live agents named "Chris" and "Adam." *Id.* ¶¶ 25, 27, & 32. On March 5, 2026, Plaintiff, in his individual capacity, sent a letter to Affordable alleging violations of the TCPA despite admitting he never received a telephone call from Affordable. *See* March 5, 2026 Letter, a true and accurate copy of which is attached as **Exhibit B**. Plaintiff began corresponding with Affordable's employees using his email address, legal247@verizon.net, requesting information on the relationship between Nationwide and Affordable.

After Plaintiff had received the information he deemed necessary, Plaintiff, through his retained counsel, filed this putative class action on May 05, 2026, asserting a claim against Affordable and Nationwide for purported violations of 47 U.S.C. § 227(b). *See* Pl.'s Compl. ¶¶ 77-81, Dkt. No. 1. On May 18, 2026, Affordable was served with Plaintiff's Complaint. Dkt. No. 4. After this Court entered a Scheduling Order on July 10, 2026 setting a Status Report deadline of July 24, 2026, Plaintiff filed a Request for entry of default which was entered by the Clerk on July 14, 2026. *See* Dkt. Nos. 7-9.

Following this entry of default, Affordable contacted and finalized retention of undersigned counsel in early August. On August 4, 2026, undersigned counsel contacted Plaintiff's counsel requesting availability to discuss the allegations in the Complaint, the current entry of default, and potential resolution of the matter. *See* August 4, 2026 Email, a true and accurate copy of which is attached as **Exhibit C**. After several weeks of discussions and email correspondence with Plaintiff's counsel, Affordable produced several requested documents to allow Plaintiff to subpoena Nationwide on August 23, 2026 for additional information and documents. On August 26, 2026, Plaintiff's counsel confirmed that Plaintiff was not willing to remove the default,

facilitating the need for Affordable to file the subject Motion. *See* August 26, 2026 Email, a true and accurate copy of the relevant portion is attached as **Exhibit D**.

## III. LEGAL STANDARD

Rule 55 provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists, the court should consider the following four factors:

> (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions.

*Emcaso Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). "A decision to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c) 'is left primarily to the discretion of the district court.' " *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). "Default is not favored and doubt should be resolved in favor of setting aside a default and reaching a decision on the merits." *99 Stores, Inc. v. Dynamic Distributors*, No. Civ. A. 97-3869, 1998 WL 24338, at *4 (E.D. Pa. Jan. 22, 1998).

## IV. ARGUMENT

### i. Plaintiff Would Suffer No Prejudice If The Default Is Lifted Because This Case Is Still In Its Infancy

The first factor of the Court's analysis when determining whether good cause exists under Rule 55(c) weighs in favor of vacating the Clerk's entry of default because this case is still in its infancy and Plaintiff would suffer no prejudice. Since Plaintiff filed his Complaint on May 5, 2026, Plaintiff has requested entry of default against Affordable, which was entered by the Clerk on July 14, 2026, and filed a Motion for Discovery, which was granted by the Court on July 22, 2026. *See generally* Dkt. In a recent decision, this Court applied the Rule 55(c) analysis to a

procedurally similar case and found that the first factor weighed in favor of vacating the clerk's entry of default. *See AVA Assessment Assocs., Inc. v. PDA Int'l, Inc.*, No. 2:23-CV-01529-RJC, 2026 WL 775571, at *5 (W.D. Pa. Mar. 19, 2026). The Court identified that Plaintiff's actions "included filing the Complaint, serving international defendants, requesting a clerk's entry of default as to one defendant, and responding to motions to dismiss and motions to compel arbitration by the other defendants [and,] [a]s such, this action is still in its infancy." *Id.* Vacating default would not cause delays in discovery either as Affordable is currently finalizing its Responses to Plaintiff's Interrogatories and Requests for Production.

For those reasons, the first factor of the Court's analysis weighs in favor of vacating the Clerk's entry of default.

**ii. Affordable Has a Meritorious Defense To Plaintiff's Allegations**

The second factor of the Court's analysis weighs in favor of vacating the Clerk's entry of default because Affordable has a meritorious defense to Plaintiff's TCPA in that Affordable never made a single call to Plaintiff or any potential customers.

Section 227(b)(1)(C) of the TCPA prohibits "any person within the United States, or any person outside the United States if the recipient is within the United States ... to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement ...." 47 U.S.C. § 227(b)(1)(C). A claim under Section 227(b)(1)(C) of the TCPA "has the following elements: (1) use of [any telephone facsimile machine, computer, or other device] (2) to send to a telephone facsimile machine (3) an unsolicited advertisement, (4) in the absence of an established business relationship, permission, or invitation." *Lyngaas v. IQVIA, INC.*, No. CV 20-2370, 2026 WL 897397, at *4 (E.D. Pa. Mar. 30, 2026) (citing *Asher & Simons, P.A. v. j2 Glob. Canada, Inc.*, 965 F. Supp. 2d 701, 707 (D. Md. 2013)).

Plaintiff's Complaint does not contest that Mr. Abramson only received calls from Nationwide, as Plaintiff concedes that "Plaintiff received at least 8 telemarketing calls from Defendant Nationwide Alarms *for* Affordable Home Services." Pl.'s Compl. ¶ 23, Dkt. No. 1 (emphasis added). While Plaintiff ultimately alleges that Affordable is vicariously liable for the acts of Nationwide, Plaintiff has failed to adequately allege actual authority, apparent authority, or ratification that would impute TCPA liability on Affordable for the actions of Nationwide.[2]

Finally, Affordable only seeks to vacate the entry of default as opposed to default judgment. As recognized by this Court, "courts within this circuit seem unwilling to deny [a] motion to set aside entry of default solely on the basis that no meritorious defense exists." *AVA Assessment* 2026 WL 775571, at *5 (citing *US Information Group LLC v. Date Blade LLC*, Civil Action No. 25-1844, 2025 WL 3640959, at *5 (D. N.J. Dec. 16, 2025)). Even if Affordable lacked all meritorious defenses—which it does not—granting of Affordable's Motion to Set Aside would still be appropriate.

For those reasons, the second factor of the Court's analysis weighs in favor of vacating the Clerk's entry of default.

**iii. Affordable's Conduct Is Excusable or Culpable Because There Is No Evidence That Affordable Acted Willfully, Intentionally, Recklessly, or Engaged in Bad Faith Behavior.**

The third factor weighs in favor of vacating the Clerk's entry of default because Affordable's failure to file a response to Plaintiff's Complaint is excusable considering Affordable's attempts to negotiate indemnification/coverage coupled with Affordable's

[2] Affordable does not waive the right to assert additional meritorious defenses if permitted to file its Answer but focuses on the lack of any calls made by Affordable to any potential customer, including Plaintiff, to demonstrate the existence of a meritorious defense.

inexperience with litigation. "Culpable conduct is more than mere negligence; it is willful, intentional, reckless or bad faith behavior." *AVA Assessment* 2026 WL 775571, at *6 (citing *Thurston Law Offices LLC v. Rue*, Civil No. 24-1153, 2025 WL 2603452, at *2 (D. N.J. Sept. 9, 2025)) (internal citations omitted).

There is no evidence to support a finding that Affordable engaged in willful, intentional, reckless or bad faith behavior. First, when Affordable was served with Plaintiff's Complaint on May 18, 2026, Affordable immediately attempted to seek contractual indemnification from Nationwide pursuant to the Agreement. *See* Declaration of Michael Mondry ("Mondry Decl."), a true and accurate copy of which is attached as **Exhibit E**. After Nationwide refused to indemnify Affordable, despite an explicit contractual provision mandating indemnification, Affordable reached out to their insurance company to request coverage under their insurance policy. *Id.* The insurance company took 16 days to conduct their investigation and ultimately sent a denial letter. *Id.* While Affordable was attempting to secure representation in this lawsuit, Plaintiff requested and received a Clerk's entry of default. Eventually, Affordable was able to retain undersigned counsel in early August who immediately contacted Plaintiff's counsel to attempt to reach an agreement to request removal of the default. Although Affordable has provided requested documents to Plaintiff, including a copy of the Agreement with Nationwide and other relevant information, Plaintiff has refused to agree a request to remove the default.

Affordable's delay in responding to Plaintiff's Complaint is regrettable, especially considering the meritorious defenses available to Affordable, but such delays are the result of negligence and not culpable conduct. Part of Affordable's hesitation was caused by its pre-suit communications with Plaintiff directly, a prolific TCPA litigator who has made his living abusing the protections of the statute for personal gain. Plaintiff's misrepresentations during

communications with Affordable, including the use of a legal247@verizon.net email address and unsuccessful attempts to alleged additional federal statute violations before settling on the TCPA, gave Affordable the impression Plaintiff was engaged in the unauthorized practice of law. Additionally, Affordable has never been involved in any litigation in the past, let alone a Class Action, which led to delays in retaining counsel in this case and the filing of Affordable's Answer.

For those reasons, the third factor of the Court's analysis weighs in favor of vacating the Clerk's entry of default.

## V. CONCLUSION

WHEREFORE, Affordable respectfully requests that this Court grant its Motion to Set Aside Default and File Answer, set aside the Clerk's entry of default, permit Affordable to file an Answer within twenty-one days, and all other relief the Court finds reasonable and just.

Date: September 11, 2026

**NELSON MULLINS RILEY & SCARBOROUGH, LLP,**

*/s/ Timur R. Dikec*
Timur R. Dikec (PA ID 333225)
Nelson Mullins Riley & Scarborough LLP
One PPG Place, Suite 3200
Pittsburgh, Pennsylvania 15222
Telephone: (412) 730-3311
Facsimile: (412) 567-9241
timur.dikec@nelsonmullins.com

***Counsel for Defendant***
***Affordable Home Security Ohio***