**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AFFORDABLE HOME SECURITY OHIO, LLC and NATIONWIDE ALARMS<br><br>Defendants. | Civil Action No. 2:26-cv-00787-WSS |

**DECLARATION OF MICHAEL MONDRY**

I, Michael Mondry, hereby declares as follows:

1. I make the following declaration based on my own personal knowledge and review of the pleadings in *Abramson v. Affordable Home Security Ohio, LLC, et al.* in my capacity as Chief Executive Officer. If called as a witness, I could and would testify competently to the matters stated herein.

2. I have served and was acting as CEO of Affordable Home Security Ohio, LLC ("Affordable"), during the events relevant to Plaintiff's allegations.

3. I have reviewed the allegations set forth in the Complaint filed by Plaintiff on May 5, 2026, in Civil Action No. 2:26-cv-00787-WSS.

4. Neither myself nor Affordable have ever been involved in a lawsuit, either as a Plaintiff or a Defendant.

5. Affordable is an authorized ADT Authorized Dealer with approximately fifty employees that provides customized home security solutions.

6. Affordable does not participate in any phone sales or outbound calls to potential customers. Instead, Affordable is a "door knocking " company that derives business from agents that knock on people's doors.

7. On July 3, 2025, Affordable entered into an ADT Authorized Dealer - Sub-Dealer Agreement (the "Agreement") with Yamado Services, LLC, d/b/a Nationwide Alarms ("Nationwide") authorizing Nationwide to market, promote, and solicit customers for security systems and monitoring services provided through authorized dealer programs associated with ADT. A true and accurate copy of the Agreement is attached as **Exhibit A** to Affordable's Motion to Set Aside and Brief in Support.

8. Pursuant to the Agreement, Nationwide was acting strictly as an independent contractor and was required to comply with all applicable laws, including Telemarking regulations (federal and state).

9. Any telephone calls made to Plaintiff were made by Nationwide and its agents, not Affordable.

10. On March 5, 2026, we received a letter from Plaintiff Stewart Abramson, a true and accurate copy of which is attached as **Exhibit B** to Affordable's Motion to Set Aside and Brief in Support.

11. We attempted to provide the requested information but stopped communicating with Plaintiff once we realized he was attempting to manufacture a lawsuit.

12. When Affordable was served with Plaintiff's Complaint on May 18, 2026, Affordable immediately attempted to seek contractual indemnification from Nationwide pursuant to the Agreement.

13. After Nationwide refused to indemnify Affordable, despite an explicit contractual provision mandating indemnification, Affordable reached out to their insurance company to request coverage under their insurance policy.

14. The insurance company took 16 days to conduct their investigation and ultimately sent a denial letter.

15. Following this denial, we contacted Nelson Mullins Riley & Scarborough LLP to serve as our counsel in this litigation.

The statements made in this Declaration are true and correct to the best of my knowledge, information, or belief. I understand that statements of fact herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Date: 9/11/2026

/s/*Michael Mondry*
MICHAEL MONDRY, CEO