**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AFFORDABLE HOME SECURITY OHIO, LLC and NATIONWIDE ALARMS<br><br>Defendants. | Civil Action No. 2:26-cv-00787-WSS |

**DEFENDANT AFFORDABLE HOME SECURITY
OHIO, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Affordable Home Security Ohio ("Affordable") by its undersigned counsel, hereby files its Answer to Plaintiff's Complaint, of which the following is a statement:

1. The averments in Paragraph 1 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 1 are denied.

2. The averments in Paragraph 2 of the Complaint do not contain any averments directed towards Affordable but quotes passages from the Supreme Court decision *Barr v. Am. Ass'n of Political Consultants*. To the extent a response is required, Affordable denies any averments that are inconsistent.

3. The averments in Paragraph 3 are admitted in part and denied in part. Affordable admits that Plaintiff has filed a lawsuit alleging TCPA violations but denies the remaining averments.

4. Denied.

5. The averments in Paragraph 5 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 5 are denied.

## PARTIES

6. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 6 of the Complaint. Therefore, said averments are denied.

7. Denied.

8. Admitted.

## JURISDICTION & VENUE

9. The averments in Paragraph 9 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 9 are denied.

10. The averments in Paragraph 10 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 10 are denied.

11. The averments in Paragraph 11 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 11 are denied.

12. The averments in Paragraph 12 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 12 are denied.

13. The averments in Paragraph 13 of the Complaint state conclusions of law to which

no responsive pleading is required. To the extent a response is required, the averments in Paragraph 13 are denied.

14. Denied.

15. The averments in Paragraph 15 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 15 are denied.

16. Denied.

17. The averments in Paragraph 17 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 17 are denied.

18. The averments in Paragraph 18 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 18 are denied.

## FACTUAL ALLEGATIONS

19. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 19 of the Complaint. Therefore, said averments are denied.

20. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 20 of the Complaint. Therefore, said averments are denied.

21. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 21 of the Complaint. Therefore, said averments are denied.

22. Denied.

23. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 23 of the Complaint. Therefore, said averments are denied.

24. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 24 of the Complaint. Therefore, said averments are denied.

25. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 25 of the Complaint. Therefore, said averments are denied.

26. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 26 of the Complaint. Therefore, said averments are denied.

27. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 27 of the Complaint. Therefore, said averments are denied.

28. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 28 of the Complaint. Therefore, said averments are denied.

29. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 29 of the Complaint. Therefore, said averments are denied.

30. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 30 of the

Complaint. Therefore, said averments are denied.

31. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 31 of the Complaint. Therefore, said averments are denied.

32. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 32 of the Complaint. Therefore, said averments are denied.

33. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 33 of the Complaint. Therefore, said averments are denied.

34. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 34 of the Complaint. Therefore, said averments are denied.

35. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 35 of the Complaint. Therefore, said averments are denied.

36. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 36 of the Complaint. Therefore, said averments are denied.

37. Denied.

38. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 38 of the Complaint. Therefore, said averments are denied.

39. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 39 of the Complaint. Therefore, said averments are denied.

40. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 40 of the Complaint. Therefore, said averments are denied.

41. Denied.

42. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 42 of the Complaint. Therefore, said averments are denied.

43. Denied.

44. Denied.

45. The averments in Paragraph 45 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 45 are denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. The averments in Paragraph 56 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 56 are denied.

57. The averments in Paragraph 57 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 57 are denied.

58. The averments in Paragraph 58 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 58 are denied.

**Class Action Statement**

59. The averments in Paragraph 59 are not directed towards Affordable but instead incorporate by reference all other paragraphs of the Complaint. To the extent a response is required, Affordable incorporates its responses to the other paragraphs of Plaintiff's Complaint.

60. The averments in Paragraph 60 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 60 are denied.

61. The averments in Paragraph 61 are not directed towards Affordable but instead propose the definition of the Class. To the extent a response is required, Affordable denies the Class definition is appropriate.

62. The averments in Paragraph 62 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in

Paragraph 62 are denied.

63. The averments in Paragraph 63 of the Complaint state conclusions of law, specifically which individuals should be excluded from the proposed Class, to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 63 are denied.

64. Denied.

65. The averments in Paragraph 65 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 65 are denied.

66. The averments in Paragraph 66 are not directed towards Affordable but instead describes the proposed Class. To the extent a response is required, Affordable denies the Class definition is appropriate.

67. The averments in Paragraph 67 are not directed towards Affordable but instead describes the proposed Class. To the extent a response is required, Affordable denies the Class definition is appropriate.

68. The averments in Paragraph 68 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 68 are denied.

69. The averments in Paragraph 69 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 69 are denied.

70. The averments in Paragraph 70 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in

Paragraph 70 are denied.

71. The averments in Paragraph 71 of the Complaint, including all subparts, state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 71 are denied.

72. The averments in Paragraph 72 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 72 are denied.

73. The averments in Paragraph 73 of the Complaint are not directed towards Affordable but instead describe Plaintiff's and Plaintiff's counsel's commitment to vigorously prosecuting this action and their financial resources. To the extent a response is required, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 73 of the Complaint. Therefore, said averments are denied.

74. The averments in Paragraph 74 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 74 are denied.

75. The averments in Paragraph 75 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 75 are denied.

76. After reasonable investigation, Affordable is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 76 of the Complaint. Therefore, said averments are denied.

## CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

77. The averments in Paragraph 77 are not directed towards Affordable but instead incorporate by reference all previous paragraphs of the Complaint. To the extent a response is required, Affordable incorporates its responses to the previous paragraphs of Plaintiff's Complaint.

78. Denied.

79. Denied.

80. The averments in Paragraph 80 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in Paragraph 80 are denied.

81. Denied.

In response to Plaintiff's Prayer for Relief, Affordable denies the averments contained, including all subparts, and requests this Court deny Plaintiff's requested relief.

## AFFIRMATIVE DEFENSES

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiff has not sustained any damages caused by Affordable.

### *SECOND AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### *THIRD AFFIRMATIVE DEFENSE*

Affordable denies any allegations not specifically admitted herein and specifically denies that it violated any applicable law.

### *FOURTH AFFIRMATIVE DEFENSE*

The Complaint is barred, in whole or in part, by the doctrine of laches.

***FIFTH AFFIRMATIVE DEFENSE***

The Complaint is barred, in whole or in part, by the doctrines of res judicata, claim and issue preclusion, estoppel, and waiver.

***SIXTH AFFIRMATIVE DEFENSE***

Plaintiff is barred from relief because, to the extent he has suffered any harm or damages, such harm or damages were the result of her own conduct or conduct otherwise not attributable to Affordable.

***SEVENTH AFFIRMATIVE DEFENSE***

Plaintiff's Complaint is barred by the doctrine of unclean hands.

***EIGHTH AFFIRMATIVE DEFENSE***

Plaintiff is not entitled to any actual or statutory damages under the TCPA.

***NINTH AFFIRMATIVE DEFENSE***

Plaintiff's claim for multiple damages under the TCPA is barred because Affordable did not violate the TCPA and did not commit any knowing or willful conduct.

***TENTH AFFIRMATIVE DEFENSE***

Plaintiff's claims are barred because he or someone acting on his behalf provided valid prior express consent, invitation, or permission to be contacted.

***ELEVENTH AFFIRMATIVE DEFENSE***

Plaintiff's claims are barred because Affordable reasonably relied on the good faith belief that Plaintiff had given valid prior express consent, invitation, or permission to be contacted.

***TWELFTH AFFIRMATIVE DEFENSE***

This Court lacks subject matter jurisdiction over this action because Plaintiff lacks Article III standing and prudential standing to bring his claims against Affordable.

***THIRTEENTH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations are barred because each alleged class member gave their valid prior express consent, invitation, or permission to be contacted.

***FOURTEENTH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations for multiple damages under the TCPA are barred because Affordable did not violate the TCPA and did not commit any knowing or willful conduct.

***FIFTEENTH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations fail to satisfy any of the express or implied requirements of Federal Rules of Civil Procedure 23(a) and (b).

***SIXTEENTH AFFIRMATIVE DEFENSE***

Plaintiff fails to state a claim upon which relief may be granted on behalf of himself and any of the alleged class members.

***SEVENTEENTH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations are barred because they constitute impermissible fail-safe allegations.

***EIGHTEENTH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations are barred because they are insufficiently ascertainable.

***NINETEENTH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations are barred because Affordable reasonably relied on the good faith belief that Plaintiff and the alleged class members had given valid prior express consent, invitation, or permission to be contacted.

***TWENTIETH AFFIRMATIVE DEFENSE***

Plaintiff's claims are frivolous and lack a good faith basis in fact and/or law.

***TWENTY-FIRST AFFIRMATIVE DEFENSE***

Plaintiff's class allegations are barred because none of the alleged class members suffered any damages caused by Affordable.

***TWENTY-SECOND AFFIRMATIVE DEFENSE***

To the extent Plaintiff claims his prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to Affordable.

***TWENTY-THIRD AFFIRMATIVE DEFENSE***

To the extent any alleged class member claims that their prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to Affordable.

***TWENTY-FOURTH AFFIRMATIVE DEFENSE***

Plaintiff's and any alleged class members' damages, if any, are capped by what is permitted by statute under the TCPA only.

***TWENTY-FIFTH AFFIRMATIVE DEFENSE***

Venue is not proper in this Court for Plaintiff's class allegations.

***TWENTY-SIXTH AFFIRMATIVE DEFENSE***

Plaintiff's individual and class claims are not properly before this Court to the extent that any such claim is subject to binding arbitration pursuant to any applicable, valid, and enforceable arbitration agreement.

***TWENTY-SEVENTH AFFIRMATIVE DEFENSE***

Some or all of Plaintiff's claims, and/or the claims of some or all putative class members, are barred, in whole or in part, by a failure to mitigate damages or minimize any alleged loss.

***TWENTY-EIGHTH AFFIRMATIVE DEFENSE***

Without admitting any of the allegations in the Complaint, Affordable is not vicariously liable for any of the alleged texts or calls to Plaintiff or the putative class members under any applicable theory of liability.

***TWENTY-NINTH AFFIRMATIVE DEFENSE***

Plaintiff's claims are barred because he or someone acting on his behalf had an "established business relationship" with Affordable, rendering any alleged communications outside the prohibitory scope of the TCPA and its implementing regulations.

***THIRTIETH AFFIRMATIVE DEFENSE***

Plaintiff's class allegations are barred because each alleged class member had an "established business relationship" with Affordable, rendering any alleged communications outside the prohibitory scope of the TCPA and its implementing regulations.

***THIRTY-FIRST AFFIRMATIVE DEFENSE***

Plaintiff's individual and class claims are barred because Affordable neither made nor initiated any alleged calls to Plaintiff or the proposed class members using an artificial or prerecorded voice.

***THIRTY-SECOND AFFIRMATIVE DEFENSE***

Plaintiff's individual and class claims are barred to the extent that any allegedly offending calls received by Plaintiff or the putative class were made either (a) to a reassigned telephone number and/or (b) to a called party that was not the intended recipient of the at-issue communications.

***THIRTY-THIRD AFFIRMATIVE DEFENSE***

Affordable has a bona fide error defense because Affordable has established and implemented, with due care, reasonable policies, practices, and procedures to effectively prevent telephone solicitations in violation of the TCPA and its regulations, including to prevent telephone solicitations in violation of the do-not-call registry, despite any alleged violations of the rules concerning the do-not-call registry.

***THIRTY-FOURTH AFFIRMATIVE DEFENSE***

Affordable may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that no class has been certified. Accordingly, Affordable reserves the right to supplement or amend the foregoing and assert additional affirmative defenses as to Plaintiff's claims and the class allegations, including once discovery concludes.

**WHEREFORE**, Affordable respectfully requests that the Court (1) enter judgment in its favor and against Plaintiff, (2) dismiss Plaintiff's Complaint with prejudice, and (3) award Defendant Affordable its costs, attorney fees, and/or any other relief that the Court deems just and proper.

Date: October 7, 2026

**NELSON MULLINS RILEY & SCARBOROUGH, LLP,**

*/s/ Timur R. Dikec*
Timur R. Dikec (PA ID 333225)
Nelson Mullins Riley & Scarborough LLP
One PPG Place, Suite 3200
Pittsburgh, Pennsylvania 15222
Telephone: (412) 730-3311
Facsimile: (412) 567-9241
timur.dikec@nelsonmullins.com

*Counsel for Defendant*
*Affordable Home Security Ohio*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: October 7, 2026

*/s/ Timur R. Dikec*
Timur R. Dikec