**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>AFFORDABLE HOME SECURITY OHIO, LLC, and NATIONWIDE ALARMS<br><br>Defendants. | Case No. 2:26-cv-00787-WSS |

# FED. R. CIV. P. 26(f) REPORT OF THE PARTIES

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit the following report:

1. **Identification of counsel and unrepresented parties.**

**Plaintiff**

Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Timur R. Dikec (PA Bar No. 333225)
Hawkins Parnell & Young LLP
One PPG Place, Suite 3100
Pittsburgh, PA 15222
Tel: (412) 305-8779

tdikec@hpylaw.com

2. **Set forth the general nature of the case**

This is a putative nationwide class action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), arising from Defendants' alleged use of artificial or prerecorded voice telemarketing calls to residential telephone numbers without the requisite consent. Plaintiff alleges that Nationwide Alarms placed prerecorded telemarketing calls advertising home security systems and monitoring services offered through Affordable Home Security Ohio, LLC ("Affordable Home Security"). Plaintiff received several such calls between February 11 and February 26, 2026, during which prerecorded messages offered wireless home security systems before transferring Plaintiff to a live sales representative. Plaintiff further alleges that Nationwide Alarms acted as Affordable Home Security's agent in generating and processing customer leads. In particular, Plaintiff alleges that Nationwide Alarms was provided access to Affordable Home Security's customer relationship management ("CRM") system, entered prospective customer information into that system, and initiated a credit inquiry in Affordable Home Security's name. Plaintiff asserts that Affordable Home Security authorized, controlled, benefited from, and ratified the telemarketing activities at issue.

Plaintiff seeks statutory damages and injunctive relief on behalf of himself and proposed nationwide classes of individuals who received similar prerecorded telemarketing calls.

While discovery is still ongoing, Defendant Affordable Home Security asserts that any calls made to Plaintiff Stewart Abramson were made by Defendant Nationwide Alarms, not Affordable Home Security. Additionally, under the Sub-Dealer Agreement between Affordable Home Security and Yamado Services, LLC d/b/a Nationwide Alarms, Nationwide Alarms was

acting strictly as an independent contractor and had no authority to bind Affordable Home Security or ADT to any agreement. Affordable Home Security asserts that Plaintiff has failed to sufficiently plead a theory of vicarious liability, and that the documents produced by Affordable Home Security prove that no agency relationship exists between Affordable Home Security and Nationwide Alarms.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The Rule 26(f) conference was held on [DATE] and included Anthony Paronich on behalf of Plaintiff and Timur Dikec on behalf of Affordable Home Security.

Nationwide Alarms has not appeared in this action

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

November 10, 2026, at 9:30 a.m., by telephone before Judge William S. Stickman IV.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed.**

Affordable Home Security filed its Answer and Affirmative Defenses on October 7, 2026. No Rule 12 motion is presently pending. Affordable Home Security anticipates filing a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.**

The parties have not discussed ADR at this time but Affordable Home Security does not oppose mediation as a possibility.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures.**

No changes are presently proposed to the timing, form, or requirements of Rule 26(a) disclosures.

8. **Subjects of Discovery.**

Fact discovery will address Defendants' telemarketing practices and policies, including the use of artificial or prerecorded voice technology, the dialing systems and platforms used to place calls, and the identities of the persons and entities responsible for originating the calls.

Discovery will also address the relationship between Affordable Home Security and Nationwide Alarms, including contracts, compensation arrangements, customer acquisition agreements, lead-generation practices, communications, marketing requirements, and the extent of Affordable Home Security's authority over Nationwide Alarms' activities. Plaintiff has already served discovery on Affordable Home Security pursuant to the Court's July 22, 2026 Order granting leave to conduct discovery. ECF No. 11. Affordable Home Security served objections and responses to Plaintiff's Interrogatories and Requests for Production on October 2, 2026, together with a document production bearing Bates numbers AFFORDABLE_Abramson_000001–000507. Plaintiff anticipates that additional written discovery and depositions will be necessary, including testimony concerning Affordable Home Security's relationship with Nationwide Alarms, its customer acquisition practices, and the use of its CRM and sales systems.

Affordable Home Security anticipates fact discovery will address Plaintiff's alleged damages, Plaintiff's communications with Affordable Home Security prior to filing the subject

lawsuit, Plaintiff's communications with Nationwide Alarms, and Plaintiff's history of filing TCPA claims against numerous defendants.

**If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed.**

Plaintiff proposes that discovery proceed on a unified basis, without bifurcation between individual merits discovery and class discovery. Plaintiff opposes bifurcation and proposes that merits and class discovery proceed concurrently. Bifurcation would be inefficient and unnecessary because the discovery relevant to Plaintiff's individual claims substantially overlaps with the discovery necessary for class certification. In particular, discovery concerning the relationship between Affordable Home Security and Nationwide Alarms, the parties' telemarketing practices, the use of prerecorded messages, and the systems and records used to generate and process customer leads bears directly on both Affordable Home Security's liability and the proposed classes. Bifurcation would instead result in duplicative discovery, additional expense, and unnecessary delay. Plaintiff therefore requests that the Court permit merits and class discovery to proceed on a unified schedule.

Affordable Home Security proposes that discovery be bifurcated between the individual merits and class discovery to determine whether Plaintiff's claims against Affordable Home Security have any merit.

9. **<u>Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:</u>**

There are no Rule 12 motions filed.

10. **<u>Set forth suggested dates for the following:</u>**

| **Event** | **Proposed Deadline** |
|---|---|
| Initial Disclosures | November 19, 2026 |
| Joinder/Amendment of Pleadings | January 29, 2027 |
| Close of Fact Discovery | June 11, 2027 |
| Opening (Proponent) Expert Reports | June 11, 2027 |
| Rebuttal Expert Reports | July 12, 2027 |
| Close of Expert Discovery | August 11, 2027 |
| Class Certification Motion Deadline | September 10, 2027 |
| Dispositive Motions Deadline | September 10, 2027 |

**If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

The parties do not presently propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules. The parties reserve the right to seek appropriate modifications should circumstances warrant.

11. **<u>Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):</u>**

a. ESI: Yes, there is ESI in this case

b. The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by conferring on the format for production of correspondence, call detail records, dialer data and other electronically maintained business records.

c. Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI? There are no such issues.

d. Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case? The parties do need discovery prior to conducting an ADR conference.

e. Clawback Agreement: The parties have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

The parties request that the Court enter an Order implementing Federal Rule of Evidence 502(d).

f. EDSM and E-Mediator: None is necessary.

g. Other: None presently known.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery:**

The parties request that the Post-Discovery Status Conference be scheduled following the completion of Expert Discovery.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

The parties anticipate submitting a proposed Protective Order governing confidential and proprietary business information and a proposed Order pursuant to Federal Rule of Evidence 502(d).

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

The parties do not presently anticipate the need for appointment of a special master.

15. **<u>If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:</u>**

N/A

16. **<u>Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:</u>**

Dated: November 5, 2026

Plaintiff,
By Counsel,

By: */s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

*Attorney for Plaintiff and the Proposed Class*

Timur R. Dikec (PA Bar No. 333225)
Hawkins Parnell & Young LLP
One PPG Place, Suite 3100
Pittsburgh, PA 15222
Tel: (412) 305-8779
tdikec@hpylaw.com

*Counsel for Defendant Affordable Home Security Ohio, LLC*